UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-5,<br><br>Plaintiff,<br>v.<br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br>Defendants.<br>AND ALL RELATED CASES | Case No. 2:17-cv-02973-MMD-BNW<br><br>ORDER |

## I. SUMMARY

This case arises from the foreclosure sale of property to satisfy a homeowners' association lien. Four motions are before the Court: (1) Defendant Savannah Place Homeowners' Association's (the "HOA") motion to dismiss (the "HOA's MTD") (ECF No. 44); (2) Plaintiff Wells Fargo Bank, N.A., as Trustee for the Certificate-Holders of Banc of America Alternative Loan Trust 2006-5, Mortgage Pass-Through Certificates, Series 2006-5's motion for summary judgment (the "Motion") (ECF No. 58); (3) the HOA's motion for summary judgment (ECF No. 59); and (4) Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 60).[1] Because the Court agrees with Plaintiff that Plaintiff's predecessor-in-interest's counsel's tender of a check to pay the

---

[1] The Court reviewed the responses and replies corresponding to Plaintiff's Motion and Defendants' cross-motions. (ECF Nos. 49, 51, 57, 62, 63, 64, 65, 66, 67.) The Court further notes that SFR filed a corrected image of its motion for summary judgment. (ECF No. 61.) The Court reviewed both versions. (ECF Nos. 60, 61.)

superpriority portion of the HOA's lien, combined with the HOA's agent's rejection of that tender, cured the default as to that portion of the lien, the Court will grant Plaintiff's Motion, and deny Defendants' motions.

II.     **RELEVANT BACKGROUND**

The following facts are undisputed unless otherwise indicated.

In March 2006, Jose and Maria Batres ("Borrowers") obtained a loan for $264,939 ("Loan") and executed a note (the "Note") secured by a deed of trust ("DOT") on the real property located at 8850 Ashley Park Avenue, Las Vegas, Nevada 89148 ("the Property"). (ECF Nos. 58 at 2 n.1, 58-1 at 2-4.) Plaintiff had an assignment recorded reflecting its beneficial interest under the DOT on March 10, 2010. (ECF No. 58-3 at 2.)

Borrowers failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien in November 2011, identifying the amount due to the HOA to date as $1,767.68.[2] (ECF No. 58-5 at 2.) The HOA later recorded a notice of default and election to sell on February 22, 2012, identifying the amount due to the HOA to date as $2,371.81. (ECF No. 58-6.)

On March 12, 2012, Plaintiff's predecessor-in-interest's counsel at the time (the law firm "Miles Bauer") requested from Red Rock a calculation of the superpriority portion of the HOA's lien and offered to pay that amount.[3] (ECF No. 58-7 at 9-10.) Red Rock responded with a letter stating that the total amount of the delinquent assessment lien due at that time was $3,007.52. (*Id.* at 12.) Red Rock attached a ledger to the letter, showing a breakdown of the costs allegedly owed. (*Id.* at 13-20.) While the ledger lists varying amounts for the monthly assessments Borrowers were required to pay, the

---

[2]The notice was recorded by Red Rock Financial Services ("Red Rock"), acting as agent for the HOA. (ECF No. 58-5.)

[3]Plaintiff offers the affidavit of Douglas Miles ("Miles Affidavit"), a managing partner of Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 58-5 at 2-5.)

maximum monthly assessment listed in the ledger is $46. (*Id.*) There are no line-item charges in the ledger that specifically state they are for maintenance or nuisance-abatement fees. (*Id.*)

Miles Bauer calculated a payoff amount of $414 based on this information, representing nine months of assessments at $46 a month. (*Id.* at 24.) Miles Bauer sent a letter to Red Rock with an enclosed check for $414, stating: "This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [Plaintiff's predecessor-in-interest's] financial obligations towards the HOA in regards to the real property located at 8850 Ashley Park Avenue have now been 'paid in full.'" (*Id.*; *see also id.* at 23-25.) Miles Bauer's internal, electronic records indicate that Red Rock rejected the attempted tender. (*Id.* at 7.)

On July 10, 2013, the HOA recorded a notice of foreclosure sale through Red Rock setting the foreclosure sale for August 7, 2013. (ECF No. 58-8.) The HOA ultimately proceeded with the foreclosure sale on February 22, 2012 (the "HOA Sale"), and SFR purchased the Property at the HOA Sale for $26,000. (ECF No. 58-9.)

Plaintiff's operative first amended complaint asserts a single claim for quiet title/declaratory judgment against SFR and the HOA. (ECF No. 29 at 5-9.) When it answered Plaintiff's amended complaint, SFR filed a counterclaim for quiet title and injunctive relief against Plaintiff, and substantially the same crossclaims against Borrowers. (ECF No. 33 at 8-15.) Borrowers never responded to the crossclaims SFR asserted against them. Therefore, on SFR's motions (ECF Nos. 54, 55), the Clerk of Court entered a default against Borrowers (ECF No. 56).

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

Plaintiff argues it is entitled to summary judgment on its declaratory relief/quiet title claim because, in pertinent part, Miles Bauer tendered the superpriority amount. The Court agrees with Plaintiff that it is entitled to summary judgment on this theory, and will therefore grant Plaintiff's Motion, and deny Defendants' motions. The Court also finds this issue case-dispositive, and accordingly declines to address most of the parties' other arguments—with two exceptions. The Court will briefly address Defendants' threshold statute of limitations and standing arguments.

### a. Statute of Limitations

Defendants argue the applicable statute of limitations is three years, and therefore Plaintiff's quiet title claim is time-barred. (ECF Nos. 44 at 3-4, 59 at 4, 60 at 6-13.) However, this Court has held, and holds here, that Plaintiff's quiet title claim is subject to a five year statute of limitations running from the date of the foreclosure sale, and is thus not time barred. *See, e.g.*, *Bank of New York Mellon v. Kosh*, Case No. 2:17-cv-00957-MMD-PAL, 2019 WL 2305146, at *3 (D. Nev. May 30, 2019).

### b. Standing

The HOA also advances the threshold argument in the HOA's MTD that Plaintiff cannot bring a quiet title claim when its only interest in the Property is a security interest under the DOT. (ECF No. 44 at 5 (quoting NRS § 40.010).) The Court has rejected this argument before. *See, e.g.*, *Bank of New York Mellon v. Legends Maint. Corp.*, Case No. 2:16-cv-02567-MMD-GWF, 2017 WL 3813904, at *2-*3 (D. Nev. Aug. 31, 2017) (denying

motion to dismiss brought by homeowners' association on this basis, noting that "a number of courts in Nevada, including the Nevada Supreme Court, have entertained quiet title actions substantially similar to this one."); *see also Wells Fargo Bank, N.A. v. Vegas Prop. Servs., Inc.*, Case No. 2:17-cv-01463-MMD-PAL, 2019 WL 1937565, at *4 (D. Nev. May 1, 2019). For the same reasons provided in those decisions, the Court rejects the HOA's argument that Plaintiff lacks standing to bring a quiet title claim against it.

### c. Tender

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117, 121. And it reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1218 (Nev. 2019). Even more recently, the Ninth Circuit weighed in to confirm the Nevada Supreme Court settled this issue—"the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019).

Here, Plaintiff tendered the superpriority amount. (ECF No. 58-7 at 23-25 (including a check for $414); *see also id.* at 13-20 (stating the monthly assessment amount was no higher than $46); *see also* ECF Nos. 63, 64 (declining to even argue Borrowers owed any maintenance or nuisance abatement fees).) Thus, the HOA Sale did

not extinguish Plaintiff's DOT, even though the HOA rejected Plaintiff's tender. *See Bank of Am.*, 427 P.3d at 121-22; *see also Thomas Jessup*, 435 P.3d at 1220-21. In addition, the HOA's response to Plaintiff's Motion does not even address Plaintiff's tender argument, effectively conceding it. (ECF No. 63.)

However, SFR raises several unpersuasive arguments in response to Plaintiff's tender argument that the Court will briefly address. First, SFR argues that the Miles Affidavit is not admissible. (ECF No. 64 at 5-9.) The Court disagrees. The Court has rejected the same arguments SFR raises here on several occasions, and rejects them again today. *See, e.g.*, *Nationstar Mortg. LLC v. Augusta Belford & Ellingwood Homeowners Ass'n*, Case No. 2:15-cv-01705-MMD-PAL, 2019 WL 1173341, at *4 (D. Nev. Mar. 12, 2019), *reconsideration denied*, 2019 WL 1995319 (D. Nev. May 6, 2019) (currently on appeal); *Bank of New York Mellon as Tr. for Certificateholders of CWALT, Inc. v. Maryland Pebble at Silverado Homeowners Ass'n*, Case No. 2:17-cv-00372-MMD-PAL, 2019 WL 1585107, at *4 (D. Nev. Apr. 12, 2019). SFR further argues the HOA could not, as a matter of law, enter into the "unilateral contract" corresponding to the tender in this case. (ECF No. 64 at 9-10, 15.) But Plaintiff's predecessor-in-interest was able to include conditions on its tender on which it had the right to insist. *See Bank of Am.* 427 P.3d at 118. Thus, the Court also rejects this argument. And as to SFR's argument that Plaintiff's tender did not include any nuisance and abatement charges, SFR fails to offer any evidence that any nuisance or abatement charges were owed on the Property to show a genuine issue of material fact exists. (ECF No. 64 at 12-13.) Thus, Plaintiff is still entitled to summary judgment on tender grounds, as Plaintiff's evidence shows Plaintiff's predecessor-in-interest tendered the correct amount.[4] (ECF No. 58-7 at 23-25 (including a check for $414); *see also id.* at 13-20 (stating the monthly assessment amount was no

---

[4]SFR's related argument that the HOA could not accept a tender payment that did not include any maintenance or nuisance abatement charges because it would waive its right to insist on such payments going forward is unpersuasive under the facts of this case, again because SFR has presented no evidence that any maintenance or nuisance abatement charges were owed on the Property.

higher than $46); *see also* ECF Nos. 63, 64 (declining to even argue Borrowers owed any maintenance or nuisance abatement fees).)

The Court therefore finds that Plaintiff has demonstrated entitlement to summary judgment on its first and only claim for relief. Plaintiff's DOT continues to encumber the Property. Because SFR's counterclaim is also for declaratory relief/quiet title requesting a declaration that Plaintiff's DOT does not encumber the Property (ECF No. 33 at 13-15), the Court will also direct entry of judgment in Plaintiff's favor on SFR's counterclaim. Further, the Court will deny Defendants' motions because it will grant Plaintiff's Motion. Because SFR asserts the essentially the same crossclaims against Borrowers, the Court similarly grants summary judgment against SFR on these crossclaims. *See Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'") (citation omitted).

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 58) is granted as to Plaintiff's first and only claim for relief. The Court declares that Plaintiff's DOT survived the HOA Sale and continues to encumber the Property.

It is further ordered that the HOA's motion to dismiss (ECF No. 44) is denied.

It is further ordered that the HOA's motion for summary judgment (ECF No. 59) is denied.

It is further ordered that SFR's motion for summary judgment (ECF No. 60) is denied.

The Clerk of Court is directed to enter judgment in Plaintiff's favor on its single claim for relief, in Plaintiff's favor and against SFR on SFR's counterclaim, against SFR on SFR's crossclaims, and close this case.

DATED THIS 12th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE